**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| WILLIAM TRIPP, | : |
| Petitioner, | : Civ. Action No. 17-3236 (RMB) |
| v. | : **OPINION** |
| WARDEN FCI FORT DIX, | : |
| Respondent. | : |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner William Tripp's ("Tripp") submission of a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1), challenging the Bureau of Prison's ("BOP") calculation of his sentence. Respondent filed an answer in opposition to the petition. (Answer, ECF No. 3.) For the reasons discussed below, the habeas petition is denied.

I. BACKGROUND

Tripp is a federal inmate confined at the Federal Correctional Institution in Fort Dix, New Jersey. ("FCI-Fort Dix"). (Pet. at 1.) Tripp was arrested in Philadelphia on April 28, 2009, for possession of a .357 caliber Glock handgun. (Kelly Decl., ¶4, ECF No. 3-3; Attach. 3 at 1-2, ECF No. 3-4.) He was released on bond

the following day. (Id.) He was arrested again on February 23, 2010 in Delaware County, Philadelphia, and released on bond the next day, ultimately receiving a $300.00 fine for Disorderly Conduct. (Kelly Decl., ¶5, ECF No. 3-3; Attach. 4 at 1-2, ECF No. 3-4.) (Id.)

On June 8, 2010, Tripp was sentenced to an 18 to 36-month term of imprisonment arising out of the Philadelphia County charges. (Id., ¶6, Attach. 3 at 7.) The sentence calculation by the Commonwealth of Pennsylvania established a maximum expiration date of June 8, 2013. (Id., ¶6, Attach. 5.)

Tripp was transferred to temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum* on September 1, 2011. (Id., ¶7, Attach. 6, § III.) On August 30, 2012, he was sentenced in the United States District Court, Eastern District of Pennsylvania to an 84-month term of imprisonment followed by a three-year term of supervised release for Possession or Sale of Stolen Firearms, Illegal Possession of a Machine Gun, Possession of a Firearm Not Registered to the Possessor in the National Firearms Registration and Transfer Record, and Possession of a Firearm and Ammunition by a Convicted Felon. (Declaration of Tara Moran ("Moran Decl.") ECF No. 3-1; Ex. 1, ECF No. 3-2; Kelly Decl., ¶8, Attach. 2 at 3-4.)

At the sentencing hearing, Tripp requested a downward departure to his sentence under U.S.S.G. § 5G1.3. (Sentencing. Tr.

2

at 4:14 to 6:8, ECF No. 3-6.) The court denied the request. (Id. at 5:19 to 6:6.) The Judgment provides that, "Defendant's federal sentence is to run concurrently to any state sentence he is currently serving as of August 30, 2012." (Kelly Decl., ¶8, Attach. 2 at 3, ECF No. 3-4.)

Tripp was returned to physical custody of the Pennsylvania authorities on August 31, 2012, in satisfaction of the federal writ of habeas corpus *ad prosequendum*. (Id., ¶9, Attach. 6, § III.) The Pennsylvania authorities released Tripp to the exclusive custody of federal authorities to begin serving his federal sentence on February 19, 2013. (Id., ¶10, Attach. 5.)

The BOP determined that Tripp's 84-month federal sentence commenced on August 30, 2012, the date the sentence was imposed. (Moran Decl., ECF No. 3-3; Ex. 1 at 3, ECF No. 3-2.) The BOP awarded Tripp four days of prior custody credit for April 28-29, 2009, and February 23-24, 2010, because those days had not been credited to his state sentence. (Kelly Decl., ¶11, Attach.7, ECF No. 3-4.) All other time Tripp served prior to the imposition of his federal sentence was credited against his Pennsylvania sentence. (Id.) Pursuant to 18 U.S.C. § 3585(b), the BOP is precluded from crediting that same time against his federal sentence. (Kelly Decl., ¶11.) Tripp's projected release date, assuming he receives all good conduct time available, is September 30, 2018. (Moran Decl., Ex. 1 at 3.)

II. DISCUSSION

Tripp contends that the BOP's sentence calculation pursuant to 18 U.S.C. § 3585(b) is inconsistent with Third Circuit precedent, citing Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002). (Mem. in Supp. of 28 U.S.C. § 2241 Pet. ("Petr's Mem."), ECF No. 1-2 at 3-4.) Tripp challenges only the BOP's failure to acknowledge the sentencing court's intention to make his sentence fully concurrent with his state sentence, thus crediting the entire period of his state sentence against his federal sentence. (Petr's Mem., ECF No. 1-2 at 4.) The sentencing court stated that the, "federal sentence is to run concurrently to any state sentence he is currently serving as of August 30, 2012," which Tripp contends means that all time served on his state sentence should also be credited against his federal sentence. (Id. at 2-3.)

Respondent asserts that Tripp is not entitled to credit against his federal sentence for time spent in federal custody from September 1, 2011 through August 30, 2012, the period in which Tripp was in the physical custody of federal authorities on a writ of habeas corpus *ad prosequendum*. (Respondent's Answer to the Pet. for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Answer"), ECF No. 3 at 9.) Respondent contends that Tripp was in primary state custody when he was loaned to federal authorities on a writ of habeas corpus *ad prosequendum*, and such time in custody was properly credited to his state sentence and not his federal

4

sentence, because 18 U.S.C. § 3585(b) prohibits double credit. (Id.)

Furthermore, Respondent acknowledges that, pursuant to Ruggiano, a district court may grant an adjustment for time served on a pre-existing sentence under U.S.S.G. § 5G1.3(c). (Answer, ECF No. 3 at 14.) Thus, a sentencing court may adjust a federal sentence to make it retroactively concurrent with the state sentence for the full period, or concurrent only for the remainder of the preexisting sentence from the date the federal sentence was imposed [as the BOP did here]. (Id. at 15.)

Respondent contends, however, that the sentencing transcript demonstrates that the sentencing court intended that the 84-month term of imprisonment commence on the date of imposition of the federal sentence and run concurrently with the remainder of his undischarged state sentence, because the sentencing court unambiguously denied a downward adjustment pursuant to U.S.S.G. § 5G1.3. (Id.)

Both parties rely on Ruggiano v. Reish. The Third Circuit in Ruggiano held that a sentencing court has authority under § 5G1.3(c) to adjust a petitioner's sentence for time served on his state conviction. 307 F.3d at 131. The parties do not dispute a district court's authority to sentence a defendant in a manner that provides credit for all time served on a state conviction but

rather dispute whether Tripp's sentencing court intended to exercise its authority under § 5G1.3(c).

In Ruggiano, the Third Circuit explained that there are two types of "credit," credit that is awarded for time served in detention for the same offense for which the defendant is ultimately sentenced, which could only be awarded by the BOP; and credit that is for time served on a pre-existing state sentence, which is within the exclusive power of the sentencing court. Ruggiano, 307 F.3d at 132. In other words, the sentencing court determines the length of the sentence of incarceration; and the BOP determines when the sentence imposed is satisfied, and in doing so may give credit for presentence detention. Id.

To avoid confusion, the Third Circuit encouraged sentencing courts not to use the term "credit" to refer to § 5G1.3 adjustments. Id. at 133. The Third Circuit suggested that sentencing courts "state something to the effect of 'I hereby adjust the defendant's federal sentence under § 5G1.3(c) so as to be fully concurrent with his state sentence[.]" In Ruggiano, the Third Circuit considered the sentencing court's statements during the sentencing hearing and its written judgment in determining the court's intent. Id. at 131.

The Application Notes to § 5G1.3(c) were amended after the Third Circuit's decision in Ruggiano, and provide that any downward departure under § 5G1.3(c) should be clearly stated on the record.

Williams v. Zickefoose, 504 F. App'x 105, 108 (3d Cir. 2012) (per curiam); Blood v. Bledsoe, 648 F.3d 203, 207 n.4 (3d Cir. 2011) ("[Section] 5G1.3 was amended in 2003 to clarify that subsection (c) does not authorize such an adjustment unless the court grants a downward departure.")

The Application Notes to § 5G1.3(c) were amended in 2003, long before Tripp's sentencing. Application Notes to Sentencing Guidelines are binding on district courts, absent conflict with a statute or the Constitution, or that the commentary is "plainly erroneous" or inconsistent with the plain language of the Guideline. U.S. v. Keller, 666 F.3d 103, 108-09 (3d Cir. 2011) (citing Stinson v. United States, 508 U.S. 36 (1993)). Thus, it is expected that sentencing courts will clearly state on the record when they grant a downward departure under § 5G1.3.

Here, the sentencing court held a hearing on Tripp's federal sentence on August 30, 2012. (Sentencing Transcript, ECF No. 3-6.) The court recognized that there was a question as to whether Tripp would get any credit for time he had already served on the state sentence, given that this was a negotiated plea with an 84-month sentence. (Id. at 3.)

Defense counsel, Mr. Borden, argued that § 5G1.3 allowed the court to give Tripp credit for the one year he had spent in federal custody *prior to federal sentencing*. (Id.)(emphasis added).

The sentencing court stated,

7

> [t]he defendant is not entitled to get the benefit of the – the time that he spent in federal custody [on the writ of habeas corpus *ad prosequendum*], that's clear. He is going to get credit on his state sentence for that time.[1] So, he is going to get the benefit of the time that he's spent in federal custody. But I can't see any justification for adjusting the sentence in this instance. This was a C plea, it was agreed that the sentence would be eighty-four months.[2] And, Counsel, you're not making a request that the plea be withdrawn?

Id. When Mr. Borden responded that he was not, the court further stated, "[s]o I am in a position where, the plea having been accepted, there being no request to withdraw the plea, I am going to impose a sentence that is consistent with the C plea that was offered and accepted here." (Id. at 9.)

The court imposed a sentence of eighty-four months on each count, with the sentences to run concurrently with each other, followed by a three-year term of supervised release. (Id. at 16-17.) Mr. Borden interrupted, stating "when you noted that the

---

[1] The parties do not dispute this issue. "A prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction … "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).

[2] In actuality, the sentencing court gave Tripp the benefit of running his state and federal sentences concurrently by ordering that Tripp get credit against his federal sentence on the date it was imposed, August 30, 2012, rather than waiting until his state sentence expired on February 19, 2013, for him to receive credit against his federal sentence. This resulted in a sentence less than the stipulated 84-months the parties 11(c)(1)(C).

terms of imprisonment would run concurrently, I would also ask that the Court specify that this sentence be concurrent to any state or federal sentence that the defendant is now serving, so that it begins to run – so, that his federal sentence --"[.] And the Court completed the sentence by saying "As – as of today," and Mr. Borden agreed. (Id. at 17.) The court responded, "Yes. I certainly will direct that that be the case. All right." (Id. at 18.)

It is clear from the sentencing transcript that the sentencing court considered its authority to give Tripp a downward departure to make his federal and state sentences run in a fully concurrent manner but chose not to do so because the 84-month prison term was negotiated between the parties. The court intended only that the sentences run concurrently *as of the date the federal sentence was imposed, August 30, 2012.* The BOP gave effect to the court's intent by having Tripp's federal sentence commence on the date imposed, rather than waiting until he was taken into federal custody for service of his sentence on February 19, 2013.

The Amendment to Application Note C to U.S.S.G. 5G1.3 directs courts to clearly state downward departures under § 5G1.3 on the record. The sentencing court stated, "I can't see any justification for adjusting the sentence in this instance." The court did however agree to run the sentences concurrently "as of today," the date the federal sentence was imposed. Therefore, the

9

BOP did not err in rejecting Tripp's argument that the sentencing court intended to grant a downward departure under § 5G1.3(c) to run his state and federal sentences concurrently starting September 1, 2011.

III. CONCLUSION

In the accompanying Order filed herewith, the Court denies Tripp's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Dated: April 27, 2018

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**